UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ivan A.R., | No. 26-cv-207 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Bondi, et al, | |
| Respondents. | |

This matter is before the Court on Ivan A.R.'s Verified Petition for a Writ of Habeas Corpus.[1] [ECF 1] For the reasons set forth below, the Court grants the habeas petition.

## Background

Petitioner Ivan A.R.., is a citizen of Mexico who has been in the United States for more than two decades. On January 12, 2026, he was arrested here in the District of Minnesota. He has not been afforded a bond hearing. Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and they point to no other statutory or legal basis for his detention.

## Analysis

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having

---

[1] In keeping with this District's policy in immigration cases, the Court identifies petitioner by his first name and last initials or refers to him as Petitioner. The Court also observes that neither side in this case has submitted the documents and records that normally accompany filings in habeas cases, presumably due to the exponential recent increase in both immigration detention and habeas petitions challenging that detention. Thankfully, both sides appear to agree on the relevant facts about Ivan A.R.'s immigration history and background.

entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision – which mandates detention – does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by at least one Court of Appeals, and by many courts in this district.

The Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out, correctly, that other courts have ruled differently, and that the issue is currently pending before the Eighth Circuit, and asks this Court to reconsider its previous decision. Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Ivan A.R. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

The Court therefore Orders Respondents to grant Petitioner a bond hearing within seven days.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's petition for a writ of habeas corpus is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to provide Petitioner with a bond hearing under 8 U.S.C. §1226(a) within seven days of the date of this Order.

4. If Respondents do not provide Petitioner with a bond hearing as required above, Petitioner must be released from detention.

5. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of either the provision of a bond hearing or Petitioner's release.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: January 17, 2026                                    *s/Katherine M. Menendez*
                                                          Katherine M. Menendez
                                                          United States District Judge